FILED

1   C. Brooks Cutter (State Bar No. 121407)
2   John R. Parker, Jr. (State Bar No. 257761)
    KERSHAW, CUTTER & RATINOFF, LLP          13 JAN 15 PM 2: 35
3   401 Watt Avenue
    Sacramento, California 95864             CLERK U.S. DISTRICT COURT
4   Telephone:    (916) 448-9800             CENTRAL DIST. OF CALIF.
                                             LOS ANGELES
5   Facsimile:    (916) 669-4499            BY:_____

6   Attorneys for *Plaintiff*

7

8                   **UNITED STATES DISTRICT COURT**

9            **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

10

11  BRANDON BUTLER, individually       Case No: CV13-00306-DSF(SSx)
    and on behalf of all others similarly
12  situated,                          CLASS ACTION
                                       Nationwide Class Action and
13                                     Representative Action Complaint for

14                   Plaintiff,

15  vs.                                (1)   Violation of Business & Professions
                                             Code § 17200, Unfair Competition
16                                           Law;

17  MATTEL, INC., a Delaware           (2)   Violation of Business & Professions
    corporation, FISHER-PRICE, INC., a       Code § 17500, False Or Misleading
18  Delaware corporation, and DOES 1–10      Statements;
19                                     (3)   Violation of Civil Code § 1770,
                                             Consumer Legal Remedies Act;
20                                     (4)   Breach of Song-Beverly Consumer
                                             Warranty Act;
21                   Defendants.
22                                     (5)   Breach of Express Contract; and
                                       (6)   Breach of Implied Contract.
23
                                       **DEMAND FOR JURY TRIAL**
24

25

26  ///

27  ///

28

    CLASS ACTION COMPLAINT            - 1 -

Plaintiff BRANDON BUTLER individually and on behalf of all others similarly situated, brings this action against Defendants MATTEL, INC. ("MATTEL") and FISHER-PRICE, INC. ("FISHER-PRICE"), and alleges as follows:

## I.  INTRODUCTION

1.     This action is brought on behalf of Plaintiff individually, as representative of the common or general interest and as class representative for all others similarly situated nationwide against MATTEL and FISHER-PRICE to redress Defendants' violations of California's Unfair Competition Law, California Business and Professions Code § 17200 ("UCL"); California's False or Misleading Statements Law, California Business and Professions Code § 17500; California's Consumer Legal Remedies Act, California Civil Code § 1770; breach of the Song-Beverly Consumer Warranty Act; breach of express contract; and breach of implied contract.

2.     This action arises from Defendants' defective Rock 'N Play Infant Sleepers and Defendants' misleading and deceptive misrepresentations and omissions about Defendants' Rock 'N Play Infant Sleepers.

3.     As a result of the wrongful acts, omissions, and deceptive scheme of Defendant, Plaintiff and consumers have been financially harmed by Defendants' false and misleading advertisements, misrepresentations, and untrue statements. Upon purchasing Defendants'' Rock 'N Play Infant Sleeper for $49.00, Plaintiff expected that the sleeper would be free of the risk of, or presence of, mold growth in the product.  Based upon the implied warranty of merchantability and fitness for a particular use, Plaintiff were injured upon discovering that the product posed direct health and safety risks to Plaintiff and their infant, particularly the risk of exposure to mold.

///

///

CLASS ACTION COMPLAINT          - 2 -

4.      Plaintiff seeks actual and/or compensatory damages; restitution; equitable relief; punitive damages; statutory damages; costs and expenses of litigation, including attorneys' fees; and all additional and further relief that may be available. Plaintiff reserves the right to amend this Complaint to add additional relief as permitted under the CLRA or other applicable law.

## II.      THE PARTIES

5.      Plaintiff BRANDON BUTLER is citizen Takoma Park, Maryland, and the United States of America. On or about May 30, 2012, Plaintiff purchased the Rock 'N Play Infant Sleeper and paid its full purchase price of approximately $49.00 plus taxes based on the belief that it was free of the risk and dangers of mold growth. On or about January 8, 2012 Plaintiff discovered the Sleeper can develop mold between the removable seat cushion and the hard plastic frame of the sleeper when it remains wet or moist or is infrequently cleaned, posing a risk of exposure to mold to infants sleeping in the product, and that the sleeper in fact had mold within it.

6.      Defendant MATTEL, INC., is, upon information and belief, a corporation organized and existing under the laws of the State of Delaware and having its principal place of business at 333 Continental Blvd., El Segundo, CA 90245.

7.      Defendant FISHER-PRICE, INC., is, upon information and belief, a corporation organized and existing under the laws of the State of Delaware and having its principal place of business at 636 Girard Avenue, East Aurora, NY 14052.

8.      According to MATTEL, INC.'s, 2011 Form 10-K filed with the United States Securities and Exchange Commission, Fisher-Price Brands US is a domestic segment of MATTEL, INC., through which MATTEL, INC., markets and sells toy.

CLASS ACTION COMPLAINT          - 3 -

### III.   JURISDICTION AND VENUE

9.      This case is subject to original jurisdiction in this court pursuant to the Class Action Fairness Act of 2005.  Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered section of 28 U.S.C.) ("CAFA") because at least one member of the proposed class has a different citizenship from a defendant and the total matter in controversy exceeds $5,000,000  Thus, this court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332. Venue is proper in the Central District of California pursuant to 28 U.S.C. §1391 because this District is the District in which defendant MATTEL is located, and a District in which a substantial part of the events or omissions giving rise to the claim occurred.

### IV.   CLASS ACTION ALLEGATIONS

10.     Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and Fed. R. Civ. P. 23(b)(3) on behalf of himself and the following Nationwide Main Class and Subclasses:

a)      All persons or entities in the United States who purchased a Rock 'N Play Infant Sleeper between January 1, 2009, and the present.

Excluded from this Class are MATTEL, INC., and FISHER-PRICE, INC., and their affiliates, employees or agents, or persons or entities that distribute or sell Rock 'N Play Infant Sleepers, Fisher-Price products compatible with Rock 'N Play Infant Sleepers, or Mattel, Inc., or Fisher-Price, Inc., services and any court personnel involved with the litigation or trial of this matter.

11.     There are questions of law and fact common to the members of the Class that predominate over any questions affecting only individual members, including:

a) whether Defendants' conduct violates California's Consumer Legal Remedies Act;

b) whether Defendants' conduct violates Cal. Bus. & Prof. Code § 17200;

CLASS ACTION COMPLAINT          - 4 -

c) whether Defendants' conduct violates Cal. Bus. & Prof. Code § 17500;

d) whether Defendants breached the warranties alleged;

e) whether Defendants misrepresented that the Rock 'N Play Infant Sleeper was free of the risk of, or presence of, mold growth;

f) whether Defendants inflated the price of the Rock 'N Play Infant Sleepers based on their misrepresentations;

g) whether Defendants induced consumers to purchase Rock 'N Play Infant Sleepers by misrepresenting that the Rock 'N Play Infant Sleeper was free of the risk of, or presence of, mold growth;

h) whether Defendants concealed and did not disclose that Rock 'N Play Infant Sleeper develops mold growth;

i) whether Defendants owed a duty to disclose material facts when it marketed, advertised, and promoted its Rock 'N Play Infant Sleepers.

12. Plaintiff' claims are typical of the claims of the members of the Class. Plaintiff has no interests antagonistic to those of the Class and their claims are subject to no unique defenses.

13. Plaintiff will fairly and adequately protect the interests of the Class and have retained attorneys experienced in class and complex litigation.

14. A class action is superior to other available methods for the fair and efficient adjudication of this controversy for the following reasons:

a) It is economically impractical for each member of the Class to prosecute individual actions.

b) The Class is readily definable.

c) Prosecution as a class action will eliminate the possibility of repetitious litigation.

d) A class action will enable claims to be handled in an orderly and expeditious manner.

CLASS ACTION COMPLAINT           - 5 -

e)  A class action will save time and expense and will ensure uniformity of decisions.

f)  Plaintiff does not anticipate any difficulty in the management of this litigation as a class action.

15.  Los Angeles County, California, is the center of gravity for this action such that it is appropriate and consistent with existing law to certify the class of consumers proposed in the Complaint to be litigated in this District because Mattel is here.

16.  Certification of such a class under the laws of California is appropriate because:

a)  Defendant MATTEL and Defendant FISHER-PRICE are incorporated in Delaware and conduct substantial business in and from California.  Defendant MATTEL is located in El Segundo, CA.

b)  The UCL and § 17500 expressly apply to claims asserted by out-of-state Class members regarding false representations emanating from the State of California.

c)  A significant number of Class members reside in the State of California.

## V.    SUBSTANTIVE ALLEGATIONS

17.  The Fisher-Price® Rock 'N Play Infant Sleeper (the "Sleeper") is a recliner seat designed for babies up to 25 pounds in weight. It is composed of a soft plastic seat held by a metal rocking frame. A removable fabric cover and removable seat cushion are attached to the frame. The removable fabric cover is solid in 14 patterns and color palettes.

18.  The Sleeper is sold at mass merchandise stores nationwide and online since September 2009 for between $50 and $85.

19.  The Consumer Product Safety Commission ("CPSC") promulgates consumer product safety standards for durable infant or toddler products pursuant

CLASS ACTION COMPLAINT              - 6 -

to Section 104(b) of the Consumer Product Safety Improvement Act of 2008 ("CPSIA"), including full-size and non-full-size baby cribs. The CPSC crib standards apply to anyone who manufactures, distributes, or contracts to sell a crib; to childcare facilities, family child care homes, and others holding themselves out as knowledge about cribs; to anyone who leases, sublets, or otherwise places a crib in the stream of commerce; and to owners and operators of places of public accommodation affecting commerce.

20.     On January 8, 2013, the United States Consumer Product Safety Commission ("CPSC") announced that FISHER-PRICE issued a recall for its Rock 'N Play Infant Sleepers due to risk of exposure to mold. According to the CPSC report, the Rock 'N Play Infant Sleepers can develop mold between the removable seat cushion and the hard plastic frame of the sleeper when it remains wet or moist or is infrequently cleaned, posing a risk of exposure to mold to infants sleeping in the product. The recall applies only to products that show signs of mold after use by consumers.

21.     The recall advises consumers to check for mold under the removable seat cushion, and to immediately stop using the product if mold is discovered on the product. In the event that a consumer discovers mold on the Sleeper, the recall instructs the consumer to call Fisher-Price for cleaning instructions or further assistance, and provides a copy of the cleaning instructions on their website.

22.     According to the January 8, 2013, CPSC report, FISHER-PRICE received 600 reports of mold related to the Rock 'N Play Infant Sleepers. Sixteen consumers reported that their infants suffered respiratory issues, coughs, and hives after sleeping in the product, requiring treatment.

23.     On information and belief, Defendants have profited from their fraudulent and deceptive business scheme. Defendants marketed, manufactured, produced, and sold a defective product that would not have otherwise been purchased by consumers.

CLASS ACTION COMPLAINT                - 7 -

24.     On information and belief, members of the Class have experienced losses from Defendants' consistent misrepresentations and manipulation of its products' pricing through its false advertising and marketing scheme.

25.     The harm caused by Defendants' false and misleading statements and omissions and product defects grossly outweigh any benefit that could be attributed to them.

26.     On information and belief, Defendants have and has been aware of its deceptive practices and the misrepresentations it has made since it released the Sleeper, but has failed to take substantial corrective action.  Defendants have received over 600 complaints of mold growth related to the Sleeper, and have failed to take appropriate action.

27.     Under a number of California consumer statutes and equitable provisions the consumer product protections of California law are unwaivable by the use of any shrink-wrap warranty limitations.  For example, the Song-Beverly Act states expressly:

> Any waiver by the buyer of consumer goods of the provisions of this chapter, except as expressly provided in this chapter, shall be deemed contrary to public policy and shall be unenforceable and void.

Similarly, the CLRA § 1751 states expressly:

> Any waiver by a consumer of the provisions of this title is contrary to public policy and shall be unenforceable and void.

28.     Unless notice is provided to the Class, and immediate remedial action taken, most other consumers will eventually suffer the same fate, at considerable costs, expenses, and losses as Plaintiff have suffered and continue to suffer to date.

///

///

///

CLASS ACTION COMPLAINT              - 8 -

# VI.   CAUSES OF ACTION

**A.   First Cause of Action for Violation of Bus. & Prof. Code § 17200 by Plaintiff Individually, as a Class Action and on Behalf of the Common or General Interest**

29.   Plaintiff realleges and incorporates the above allegations by reference as if set forth fully herein.

30.   Plaintiff brings this cause of action on behalf of himself, on behalf of the Class and on behalf of the common or general interest.  Plaintiff has suffered injury in fact and lost money or property as a result of such unfair competition.

31.   Defendants have engaged in unfair, unlawful, and fraudulent business practices as set forth above.

32.   By engaging in the above-described acts and practices, Defendants have committed one or more acts of unfair competition within the meaning of Bus. & Prof. Code § 17200, *et seq.*

33.   Defendants' acts and practices have and/or are likely to deceive members of the consuming public.

34.   Defendants' acts and practices are unlawful because they violate Civ. Code §§ 1572, 1709, 1710, 1770(a)(5), 1770(a)(9), 1770(a)(16), 1770(a)(17), and 1791 *et seq.*  Defendants' acts and practices are also unlawful because they violate Bus. & Prof. Code §§ 17500, *et seq.*  Defendants' unlawful and unfair business practices include, without limitation, Defendants' breach of express contract, implied contract, negligence, the prohibition against unreasonable penalties contained in Civil Code § 1671, and other laws of the State of California.

35.   Defendants' deceptive advertising was the direct and proximate result, on information and belief, of Defendants' procedures and practices to procure the largest amount of market share possible.

36.   Defendants, through their business relationship with Plaintiff and the Class herein, and with each other, assumed the duty to disclose to consumers,

CLASS ACTION COMPLAINT          - 9 -

including Plaintiff and the Class, that their Sleeper product posed the risk of mold growth. As a corollary, Defendants also assumed the duty to refrain from omitting that the Sleeper poses the risk of mold growth. By its acts and omissions described herein, Defendants unlawfully breached their duties. Defendants also assumed a duty to provide a product safe for children, free from susceptibility to hidden mold infection, and with proper warnings and instructions.

37.     Plaintiff, on behalf of himself, on behalf of the Class and on behalf of the common or general interest, seeks an order of this Court awarding restitution, disgorgement, injunctive relief and all other relief allowed under §§ 17200 *et seq.*, plus interest, attorneys' fees, and costs pursuant to, *inter alia*, C.C.P. § 1021.5.

**B.   Second Cause of Action for Violation of Bus. & Prof. Code § 17500 by Plaintiff Individually, as a Class Action and on Behalf of the Common or General Interest**

38.     Plaintiff realleges and incorporates the above allegations by reference as if set forth fully herein.

39.     Plaintiff brings this cause of action on behalf of himself, on behalf of the Class and on behalf of the common or general interest. Plaintiff has suffered an injury in fact and has lost money or property as a result of Defendants' violation of Bus. & Prof. Code §§ 17500 *et seq.*

40.     Beginning in or before 2009, Defendants engaged in advertising and marketing to the public and offered the Sleeper product for sale throughout the United States, including California, and the world.

41.     Defendants have engaged in the advertising and marketing alleged herein with intent to directly or indirectly induce the purchase of the Sleeper.

42.     Defendants' advertisements and marketing representations regarding the accessories included in the Sleeper packaging and/or boxes are false, misleading, and deceptive as set forth more fully above.

CLASS ACTION COMPLAINT                    - 10 -

43.     At the time Defendants made and disseminated the statements alleged herein, it knew or should have known that the statements were untrue or misleading, and acted in violation of Bus. & Prof. Code §§ 17500 *et seq*.

44.     Defendants actively concealed their knowledge that their Sleeper device posed a risk of exposure to mold and continued to sell their Sleeper devices with an implied warranty that the Sleeper was free of the risk of exposure to mold.

45.     Plaintiff has been harmed.  Plaintiff, on behalf of himself, on behalf of the Class and on behalf of the common or general interest, seeks restitution, disgorgement, injunctive relief and all other relief allowable under §§ 17500 *et seq*.

**C.     Third Cause of Action for Breach of the Song-Beverly Act by Plaintiff Individually and on Behalf of all Others Similarly Situated**

46.     Plaintiff realleges and incorporates the above allegations by reference as if set forth fully herein.

47.     Plaintiff asserts the third Cause of Action individually, on behalf of the Class and on behalf of the common or general interest for breach of implied warranty under the Song-Beverly Act, Civ. Code §§ 1790 *et seq*.

48.     The Rock 'N Play Infant Sleeper is a "consumer good" within the meaning of Civ. Code § 1791(a).

49.     Defendants' warranty of merchantability and fitness for a particular purpose arose out of and/or was related to the sales of the Sleeper.

50.     As set forth more fully above, Defendants have failed to comply with its obligations under its implied warranty of merchantability.

51.     Plaintiff and the Class have suffered and will continue to suffer damages as a result of Defendants' failure to comply with its warranty obligations. Accordingly, Plaintiff and the Class are entitled to recover such damages under the Song-Beverly Act, including damages pursuant to Civ. Code §§ 1791.1(d) and 1974.

///

52.   Defendants' breaches of warranty, as set forth above, were willful. Accordingly, a civil penalty should be imposed upon Defendants in an amount not to exceed twice the amount of actual damages.

**D.   Fourth Cause of Action for Violation of the CLRA by Plaintiff Individually, on Behalf of the Common or General Interest Pursuant to the Standing Provisions of C.C.P. § 382 and as a Class Action on Behalf of all Others Similarly Situated.**

53.   Plaintiff realleges and incorporates the above allegations by reference as if set forth fully herein.

54.   Plaintiff brings this claim individually and on behalf of the Class against Defendant.

55.   Defendants have engaged in deceptive practices, unlawful methods of competition and/or unfair acts as defined by Civ. Code §§ 1750 *et seq.* to the detriment of Plaintiff, members of general public and the Class.  Plaintiff, the general public and members of the Class have suffered harm as a proximate result of the violations of law and wrongful conduct of Defendants alleged herein.

56.   Defendants intentionally, knowingly and unlawfully perpetrated harm upon Plaintiff by the above described facts.  To wit, Defendants' actions in selling defective products and failing to remedy these defects have violated the following provisions of the CLRA:

a)   Civil Code §1770(a)(5):  Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities which they do not have.

b)   Civil Code §1770(a)(9): Advertising goods or services with intent not to sell them as advertised.

c)   Civil Code §1770(a)(16): Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not.

CLASS ACTION COMPLAINT          - 12 -

d)      Civil Code §1770(a)(17): Representing that the consumer will receive a rebate, discount, or other economic benefit, if the earning of the benefit is contingent on an event to occur subsequent to the consummation of the transaction.

57.      The Defendants' policies and practices are unlawful, unethical, oppressive, fraudulent and malicious.  The gravity of the harm to all consumers and to the general public from Defendants' policies and practices far outweighs any purported utility those policies and practices have.

58.      Pursuant to Civ. Code § 1780(a), Plaintiff seeks an order enjoining Defendantsfrom engaging in the methods, acts or practices alleged herein.

59.      Pursuant to Civ. Code § 1782, if Defendants do not rectify their illegal acts within 30 days, Plaintiff intends to amend this Complaint to add claims for actual and punitive damages under the CLRA.  Plaintiff also now also seeks

a)  restitution of money to Plaintiff, the general public and Class members;

b)  punitive damages;

c)  attorneys' fees and costs; and

d)  other relief that this Court deems proper.

**E.      Fifth Cause of Action for Breach of Express Contract by Plaintiff Individually, as a Class Action and on Behalf of the Common or General Interest**

60.      Plaintiff realleges and incorporates the above allegations by reference as if set forth fully herein.

61.      Defendants agreed to, among other things, provide a Sleeper product that was free of the risk of mold growth. Plaintiff and Class members agreed to purchase their Sleeper product by directly relying on Defendants' misrepresentations that the Sleeper was free of the risk of exposure to mold and complied with applicable safety standards. In exchange, Class members used funds

CLASS ACTION COMPLAINT          - 13 -

to purchase their Sleeper product at the designated price based on the belief that the Sleeper was safe to use and free of the risk of exposure to mold.

62. Valid consideration existed, as Plaintiff and Class members paid money in exchange for Defendants' agreement to, among other things, provide Plaintiff's and Class members with a product that was free of a risk of exposure to mold.

63. The parties' agreement is contained in customer contracts and related documents.

64. Defendants breached their contracts because Defendants product in fact poses a substantial risk of exposure to mold.

65. Class members suffered and will continue to suffer damages due to the inflated purchase price with no remote included.

**F. Sixth Cause of Action for Breach of Implied Contract by Plaintiff Individually, as a Class Action and on Behalf of the Common or General Interest**

66. Plaintiff realleges and incorporates the above allegations by reference as if set forth fully herein.

67. Defendants agreed to, among other things, provide a product that was free of the risk of exposure to mold. Plaintiff and Class members agreed to purchase the Sleeper by directly relying on Defendants' misrepresentations that the product complied with the implied warranty of merchantability. In exchange, Class members used funds to purchase the Sleeper at the designated price based on the belief that it complied with the implied warranty of merchantability.

68. Defendants entered into implied contracts with Plaintiff and the Class members. Implied contracts arose from the course of conduct between the parties, as well as disclosures on Defendants' websites, in advertising materials, on product packaging, and/or in customer contracts. The disclosures created a reasonable

CLASS ACTION COMPLAINT - 14 -

expectation that consumers would receive a Sleeper device that did not pose the risk of exposure to mold.

69.     Valid consideration existed, as Plaintiff and Class members paid money to Defendants in exchange for Defendants' agreement to provide a mold-free Sleeper.

70.     Defendants breached its implied contracts because it did not provide Plaintiff and the Class members with a product that was free of the risk of exposure to mold.

71.     Plaintiff and the Class members suffered damages including, but not limited to, losses of money or property.

## VII.   PRAYER FOR RELIEF

Wherefore, Plaintiff, on behalf of himself, all others similarly situated and the general public, pray for judgment against Defendants as follows:

1.     An order certifying this case as a class action and appointing Plaintiff and his counsel to represent the Class;

2.     Restitution and disgorgement of all amounts obtained by Defendants as a result of its misconduct, together with interest thereon from the date of payment, to the victims of such violations;

3.     Actual damages for injuries suffered by Plaintiff and the Class;

4.     Compensatory money damages according to proof;

5.     Statutory damages according to proof;

6.     An order requiring Defendants to immediately cease its wrongful conduct as set forth above; enjoining Defendants from continuing to falsely market and advertise, conceal material information and conduct business via the unlawful and unfair business acts and practices complained of herein; ordering Defendants to engage in a corrective notice campaign; and requiring Defendants to refund to Plaintiff and all members of the Class the funds paid to Defendants for the iHome devices and the remote accessory;

CLASS ACTION COMPLAINT            - 15 -

7.    Punitive damages;

8.    Attorneys' fees and costs;

9.    For statutory prejudgment interest; and

10.   For such other relief as this Court may deem just and proper.

## VIII. JURY DEMAND

Plaintiff demands a trial by jury.

DATED:  January 11, 2013          KERSHAW, CUTTER & RATINOFF, LLP


By: _____
                John R. Parker, Jr. (SBN 257761)
                Email: jparker@kcrlegal.com

                C. Brooks Cutter (SBN 121407)
                Email:  bcutter@kcrlegal.com
                401 Watt Avenue
                Sacramento, California 95864
                Tel.:  (916) 448-9800
                Fax: (916) 669-4499

## DECLARATION OF JOHN R. PARKER, JR.
## <u>PURSUANT TO CALIFORNIA CIVIL CODE § 1780(d)</u>

I, John R. Parker, Jr., declare as follows:

    1.    I submit this declaration pursuant to section 1780 (d) of the California Consumers Legal Remedies Act.  I have personal knowledge of the matters set forth below and if called as a witness could and would be competent to testify thereto.

    2.    Defendant MATTEL, INC., resides in Los Angeles County, California, and has its principal place of business in El Segundo, California.

    3.    This action was commenced the United States District Court for the Central District.

    I declare under the penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct and that this declaration was executed on January 11, 2013 in Sacramento, California.

_____
John R. Parker, Jr.