Hugh R. Whiting (admitted *pro hac vice*)
hrwhiting@JonesDay.com
JONES DAY
901 Lakeside Ave.
Cleveland, Ohio 44114
Telephone: (216) 586-1023
Facsimile: (216) 579-0212

Peter J. Biersteker (admitted *pro hac vice*)
pbiersteker@JonesDay.com
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Telephone: (202) 879-3939
Facsimile: (202) 626-1700

Erik K. Swanholt (State Bar No. 198042)
ekswanholt@JonesDay.com
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071.2300
Telephone: (213) 489-3939
Facsimile: (213) 243-2539

Attorneys for Defendants
MATTEL, INC. and FISHER-PRICE, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| BRANDON BUTLER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>MATTEL, INC., a Delaware corporation, FISHER-PRICE, INC., a Delaware corporation, and Does 1–10<br><br>Defendants. | Case No. 13-00306 DSF (SSx)<br><br>Assigned for all purposes to Honorable Dale S. Fischer<br><br>Action Filed: January 15, 2013<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**<br><br>[Discovery Document: Referred to Magistrate Judge Suzanne H. Segal] |

H0028536.

STIPULATION AND [PROPOSED] PROTECTIVE
ORDER Case No. 13-00306 DSF (SSx)

## STIPULATION

Because the documents that the Defendants Fisher-Price, Inc. and Mattel, Inc. (collectively, "the Defendants") may be requested to produce in this litigation may contain highly sensitive information that includes trade secrets; confidential research or other proprietary information, special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12, below, that his Stipulated Protective Order does not entitle them to file confidential information under seal; civil Local Rule 79-5.1 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

NOW THEREFORE IT IS HEREBY STIPULATED by and between Defendants and Plaintiff, through their respective counsel of record, that the Court should issue this protective order concerning the confidentiality of information and documents produced during discovery as follows:

1. This stipulation and protective order (the "Order") shall govern the use, handling and disclosure of all documents,[1] transcripts of and exhibits to depositions, interrogatory answers, responses to requests for admissions, and other written, recorded, or graphic material, including all copies, excerpts, abstracts, or summaries thereof (collectively, "Litigation Material"), produced, filed with the Court, served, or obtained by any party or non-party in this action (collectively,

---

[1] The term "document" as used herein shall include any "writings; drawings, graphs, charts, photographs, phonorecords and other data compilations from which information can be obtained." *See* Federal Rules of Civil Procedure, Rule 34(a).

H0028536.   STIPULATION AND [PROPOSED] PROTECTIVE
ORDER Case No. 13-00306 DSF (SSx)

1 "Person(s)").

2     2.     Good Cause Statement: Disclosure of information that would result in "competitive harm" or give another entity a "competitive advantage" is good cause to issue a protective order. *Intel Corp. v. VIA Techs., Inc.*, 198 F.R.D. 525, 531 (N.D. Cal. 2000) (denying plaintiff's motion to modify protective order to grant plaintiff's in-house counsel access to confidential information because counsel was involved in competitive decision making and injury to defendant would be great); *In re "Agent Orange" Prod. Liability Litig.*, 104 F.R.D. 559, 574 (E.D.N.Y. 1985) (stating that good cause can be shown by demonstrating that "disclosure will create a competitive disadvantage for the party") (quotation omitted). The Defendants are engaged in a highly competitive enterprise in which the disclosure of Defendants' confidential information would provide a decided competitive business advantage to Defendants' competitors. Divulging operating and manufacturing procedures, product specifications, or cost, pricing or other financial information, without any protection from disclosure to the general public or to the parties for purposes other than this litigation would be detrimental to the ongoing business practices of the Defendants. Without protection, Defendants would lose a competitive advantage they would otherwise have if their competitors had not had access to such information. In addition, divulging confidential operating, commercial and strategic information relating to the Defendants' businesses and revealing such sensitive information to competitors or the general public could result in serious and irreparable harm. Disclosure could divulge, among other things: (i) Defendants' overall method of designing, developing, testing and specifying requirements for new products; (ii) a roadmap to Defendants' product cost structure; (iii) new, proprietary products that have yet to be introduced to the market; and (iv) what efforts a Defendants have undertaken to manage their manufacturing and product sourcing operations. The disclosure of such information would injure Defendants' businesses and ability to compete.

3. Each Party or Non-Party (the "Designating Party") shall have the right, before disclosure to other parties, to designate as "CONFIDENTIAL" Litigation Material it produces or provides that such Designating Party in good faith believes constitutes, reflects, or discloses its trade secrets, confidential research, development, technology, or other proprietary or other highly confidential information that the producing party, in good faith, reasonably believes to be so competitively sensitive that the producing party could suffer competitive harm if such information were disclosed.

4. Defendants shall designate as "CONFIDENTIAL" information that falls within the following categories of information:

    a. internal design documents and product specifications, which could be used by a competitor as a road map to developing products equal in quality and cost to Defendants' products without the attendant research and development expenditures;

    b. internal documents related to manufacturing processes used by Defendants' and/or their vendors to develop products, which could be used by a competitor as a road map to developing products equal in quality and cost to Defendants' products without the attendant research and development expenditures;

    c. internal documents reflecting Defendants' testing procedures for its products, which could be used by competitors to develop products equal in quality and cost to Defendants' products without the attendant research and development expenditures;

    d. internal documents reflecting marketing strategies, which could be used by competitors to undercut Defendants' position in the market;

    e. internal documents reflecting Defendants' products that have not been introduced to market, which competitors could use

improperly to jump start their own product development efforts;

f. documents that include customers' names and/or contact information, including, addresses and telephone numbers, in which Defendants' customers have a privacy interest; and

g. documents reflecting communications with the Consumer Product Safety Commission treated as confidential by the Consumer Product Safety Commission per Defendants' request pursuant to Section 6 of the Consumer Product Safety Act.

5. For purposes of this Order, Litigation Material that may be designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be limited to non-public information and documents that contain information so competitively sensitive as to warrant further protection. Defendants shall designate as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that falls within the following categories of information:

a. detailed component part and product cost information and figures, which could be used by a competitor to undercut Defendants' costs and pricing;

b. detailed future demand estimates for Defendants' products, which could be used by a competitor to anticipate Defendants' design, development, and marketing strategies;

c. detailed sales information and figures, which could be used by a competitor to target Defendants' retailers or anticipate Defendants' design, development, and marketing strategies; and

d. financial documents including specific figures, such as budgets, financial forecasts, and sales projections, which could be used by competitors to target Defendants' business.

6. The Designating Party must take care to limit any such designation to specific material that qualifies under appropriate standards. The Designating Party

must designate for portion only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions. If it comes to a Designating Party's that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

7. All Litigation Material designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and all information derived therefrom, shall be referred to in this Order as "Designated Material" and shall be handled in strict accordance with the terms of this Order. Absent an order by the Court, such Designated Material shall be used by the parties to this action solely in connection with this action or any appeal therefrom, and not for any other purpose, except as required by law, and such Designated Material shall not be disclosed to anyone except as provided herein. Designated Material may be disclosed only under the circumstances and to the persons specifically provided for in this Order or any subsequent court order.

8. Nothing contained herein shall prevent any Person from disclosing its own Designated Material or information contained therein as it deems appropriate; provided, however, that such disclosure shall not affect in any way the obligations of persons receiving Designated Material pursuant to this Order. Further, based on such disclosures, any other party may seek to change the designation of such material pursuant to paragraph 16 of this Order.

9. Litigation Material designated as "CONFIDENTIAL" or information

derived therefrom may be disclosed, shown, or made available, or communicated in any way only to the following persons.

    a.    qualified persons taking testimony involving Designated Material, and necessary stenographic, videographic, and clerical personnel thereof;

    b.    experts or consultants and their staff who are employed for the purposes of this litigation and who are not currently performing any services, either as an employee, consultant, or otherwise for any competitor of any party to this action or for one having any interest adverse to any party to this action, provided that the provisions of Paragraph 10 of this Order are complied with prior to disclosure of any Designated Material to such an expert or consultant;

    c.    the Court and the Court's staff;

    d.    Plaintiff and officers, directors and employees of the Defendants, but only to the extent necessary to participate in, assist in and monitor the progress of this action and for no other purpose, and provided that the provisions of Paragraph 10 of this Order are complied with prior to disclosure of any Designated Material;

    e.    third parties specifically retained to assist outside counsel in copying, imaging, and/or coding of documents, but for that purpose only, provided that all such documents are kept and maintained in a separate and secure place and that the third party retained to copy, image, or code confidential documents is not currently performing any services, either as an employee, consultant, or otherwise, for any competitor of any party to this action or for one having any interest adverse to any party to this

1 action;

2 f. witnesses deposed in this action or who are called as witnesses at any hearing in this action, but only as set forth in Paragraph 13 of this Order;

g. the author of the document or the original source of the information, and any person identified on the document as having received it;

h. counsel of record for the parties, In-House Counsel (for purposes of this Stipulation, "In-House Counsel" means those attorneys with whom outside counsel will be consulting and who are supervising this action) for the Defendants, and counsel's staff and IT consultants to whom disclosure is reasonably necessary to the litigation of this matter.

10. Litigation Material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or information derived there from may be disclosed, shown, or made available, or communicated in any way only to the following persons:

a. qualified persons taking testimony involving Designated Material, and necessary stenographic, videographic, and clerical personnel thereof;

b. experts or consultants and their staff to whom disclosure is reasonably necessary for this litigation and who are employed for the purposes of this litigation and who are not currently performing any services, either as an employee, consultant, or otherwise for any competitor of any party to this action or for one having any interest adverse to any party to this action, provided that the provisions of Paragraph 10 of this Order are complied with prior to disclosure of any Designated Material to such an expert or consultant;

      c.     the Court and the Court's staff;

      d.     third parties specifically retained to assist outside counsel in copying, imaging, and/or coding of documents, but for that purpose only, provided that all such documents are kept and maintained in a separate and secure place and that the third party retained to copy, image, or code confidential documents is not currently performing any services, either as an employee, consultant, or otherwise for any competitor of any party to this action or for one having any interest adverse to any party to this action;

      e.     witnesses deposed in this action or who are called as witnesses at any hearing in this action, but only as set forth in Paragraph 13 of this Order;

      f.     the author of the document or the original source of the information, and any person identified on the document as having received it;

      g.     counsel of record for the parties, In-House Counsel (for purposes of this Stipulation, "In-House Counsel" means those attorneys with whom outside counsel will be consulting and who are supervising this action) for the Defendants, and counsel's staff and IT consultants to whom disclosure is reasonably necessary to the litigation of this matter.

    11.     Designated Material shall be so designated by marking or stamping such material "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" at such time the material is disclosed. Making Litigation Material available for inspection shall not constitute a waiver of any claim of confidentiality, and all Litigation Material provided for inspection shall be treated as though designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES

1  ONLY" from the time of inspection until those documents are produced.

2  12.  Any deposition testimony may be classified as Designated Material by indicating on the record at the deposition, or within thirty (30) days after receipt of the transcript of such deposition, that the examination or testimony discloses Designated Material under the terms of this Order. The specific portions of the original deposition transcript, of the exhibits, and of all copies of exhibits thereto that contain Designated Material shall be identified by the Designating Party by letter to all other parties, and if and when filed with the Court, the confidential portions of such transcripts shall be filed pursuant to Paragraph 15 of this Order.

13.  Subject to the disclosure limitations set forth in Paragraphs 9 and 10, and except for court personnel described in subpart (c) of Paragraphs 9 and 10 of this Order, all persons to whom Designated Material is disclosed or by whom Designated Material is used, including parties, non-parties, and their representatives, shall be informed of and agree to be bound by the terms of this Order and shall take all necessary precautions to prevent any disclosure or use of Designated Material other than as authorized by this Order.

 a.  Subject to the disclosure limitations set forth in Paragraphs 9 and 10, and prior to dissemination of Designated Material to any person described in Paragraph 9, subparts (b) and (d), and Paragraph 10, subpart (b), of this Order, the disclosing party shall: (i) obtain from such person a written acknowledgment, substantially in the form of Exhibit A annexed hereto, that such person has reviewed a copy of this Order, will comply with its terms in all respects, and will submit to the jurisdiction of this Court for adjudication of any dispute about whether such person has complied with the terms of this Order; (ii) maintain a copy of this acknowledgement evidencing that such person has executed the undertaking set out herein; and (iii) upon request,

subject to the rules regarding expert disclosures, provide a copy of this acknowledgement to the Person whose Designated Material it discloses.

  b. Individuals who are authorized to review Designated Material pursuant to this Order shall hold the Designated Material and its contents in confidence and shall not divulge the Designated Material or its contents, either verbally or in writing except as expressly permitted by this Order, unless authorized to do so by a further Order of this Court or as specifically required by law.

  14. All Litigation Material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be kept in secure locations, and access to those locations shall be permitted only to those persons set forth in Paragraphs 9 and 10 of this Order.

  15. In the event that a Person wishes to use any Designated Material or any other papers containing or making reference to the contents of such Designated Material in a pleading or document filed with the Court in this litigation, that Person shall apply to the Court for approval to file the papers under seal in accordance with United States District Court, Central District of California Local Rule 79-5.1 and Paragraph 2 of Judge Fisher's Standing Order in this case. If the Court grants the application and issues an order that the papers may be filed under seal, the Clerk of the Court shall maintain all papers filed under seal in accordance with Local Rule 79-5.2.

  16. Witnesses deposed in this action or who are called as witnesses at any hearing in this action may be shown Designated Material, but only in preparation for, or during, the deposition or hearing, and only under the following circumstances:

  a. The witness is identified as an originator, signatory, author, addressee, or recipient of the original or a copy of the

|   |   |   |
|---|---|---|
| | | Designated Material or is in a position that he or she would logically review or receive such Designated Material in the course of his or her employment; |
| | b. | The witness is otherwise entitled under this Order to see the Designated Material; or |
| | c. | The Designating Party has given prior permission for the witness to see the Designated Material and has notified all other parties that the Designating Party has waived confidentiality of the Designated Material as to this witness. |

17. A Designating Party that inadvertently fails to mark Designated Material as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" at the time of the production shall have seven (7) court days from discovery of the oversight to correct its failure. Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each Litigation Material appropriately marked as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". Within five (5) court days of receipt of the substitute copies, the receiving party shall return or destroy the previously undesignated materials and all copies thereof that such party has in its custody.

18. If Designated Material is disclosed to any person or entity other than in the manner authorized herein, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of all interested parties and the Court, without prejudice to other rights and remedies of the Designating Party, and shall make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

19. If at any time during the pendency or trial of this action, counsel for any party claims that Designated Material is not appropriately so designated, objecting counsel shall follow the procedures set for in United States District Court

Central District of California Local Rules 37-1 through 37-4. The parties acknowledge that there are no time restrictions on the assertion of such rights or procedures other than as set forth in the rules themselves.

20. If any person receives a subpoena or other lawful process (referred to in this paragraph as a subpoena) requesting or directing that party to produce to a third-party (including, without limitation, a governmental agency) any Designated Material, the person receiving the subpoena shall immediately give notice to the Designating Party of the fact of the subpoena and a summary of the documents requested in the subpoena so as to enable the Designating Party to attempt to intervene or otherwise object to the production of the Designated Material.

21. Upon the termination of this proceeding, this Order shall continue to be binding upon the parties hereto, and upon all persons to whom Designated Material has been disclosed or communicated, and this Court shall retain jurisdiction to enforce this Order.

22. The provisions of this Stipulated Protective Order shall continue to be binding after final termination of this litigation. Within ninety (90) days after final conclusion of all aspects of this litigation, including any appeals, any Party or other person who received (or tendered to any other person) Designated Materials must, at the option of Designated Party, (i) return the Designated Materials or (ii) certify in writing to counsel for the Designating Party that the Designated Materials have been destroyed and any documents or materials that contain such Confidential information have also been destroyed. Notwithstanding these provisions, counsel shall be permitted to retain copies of court filings, papers served in connection with the litigation, transcripts (including deposition transcripts), exhibits and work product containing or reflecting Confidential documents or materials.

23. This Order is being entered without prejudice to the right of any party to move the Court for modification of or relief from any of its terms.

24. When any third party produces documents or testimony pursuant to a

request from a party in this matter, such third parties may designate their documents or testimony as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this Order. In addition, within ten (10) court days of the receipt of any third-party documents or testimony, any of the parties may designate such documents or testimony as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this Order.

25. Nothing contained in this Order shall be deemed to:

    a. affect the right, if any, of any party or non-party to make any type of objection, claim, or other response to interrogatories, to requests for production of documents or other discovery requests or to any questions at a deposition, or to object at any time to the production, admission or consideration of any documents, information, or evidence, all of which rights are reserved and not waived;

    b. be construed as a waiver by any party or non-party of any objection or privilege to object to or withhold any material from discovery, or of any right which any party or non-party may have to assert such objection or privilege at any stage of the proceedings;

    c. require disclosure of Designated Material if such disclosure would breach an express or implied agreement with a third party to maintain such information in confidence; or

    d. affect the right of any party to seek an order compelling discovery.

26. The parties shall provide each other with a list of Designated Material to be used at trial at such time as the list of exhibits is to be exchanged among the parties. Any such Designated Material a party intends to introduce at trial may not be offered into evidence in open court,unless the opposing party agrees, or the

1  offering party, after reasonable notice and an opportunity to object, obtains
2  appropriate permission from the Court.

3  Dated: October 15, 2013                JONES DAY

5                                         By: /s/ Erik Swanholt
6                                              Erik K. Swanholt

7                                         Attorneys for Defendants
                                          MATTEL, INC. and FISHER-PRICE,
8                                         INC.

9  Dated: October 15, 2013                KERSHAW, CUTTER & RATINOFF,
10                                        LLP

12                                        By: /s/ C. Brooks Cutter
                                               C. Brooks Cutter
13
                                          Attorneys for Plaintiff
14                                        BRANDON BUTLER

15  IT IS SO ORDERED.

17  Dated: 10/18, 2013                    [signature]
                                          Magistrate Judge Suzanne H. Segal
18                                        United States District Court

# EXHIBIT A TO STIPULATED PROTECTIVE ORDER

My name is _____. My home address is _____. I am employed as (state position) _____ at (state name and address of employer) _____

_____

_____.

1. I have read the Stipulation and Protective Order entered in *Butler v. Mattel, Inc.*, Case No. 13-00306 DSF (SSx), and a copy of it has been given to me. I understand the provisions of this Stipulated Protective Order, and I agree to comply with and to be bound by its provisions. [If I am retained as an expert or consultant, I certify that neither I nor my firm are currently performing any services, either as an employee, consultant, or otherwise, for any competitor of any party to this action or for one having any interest adverse to any party to this action.] I further understand and acknowledge that failure to so comply with this Stipulated Protective Order could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this litigation.

2. I further agree to submit to the jurisdiction of this Court for adjudication of any dispute regarding my compliance with the terms of this Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this _____ day of _____, 20____ at _____.

_____
(Signature)

LAI-3200692

H0028536.

EXHIBIT A TO [PROPOSED] PROTECTIVE ORDER Case No. 13-00306 DSF (SSx)